IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID ANTHONY PEARSON, JR.,

                Plaintiff,

  v.                                                          OPINION and ORDER

CAPTAIN JIM VERSE and SERGEANT GREGG          22-cv-343-jdp
HOESLY,

                Defendants.

---

    Pro se plaintiff David Anthony Pearson, Jr. is detained at the La Crosse County Jail. Pearson alleges that defendants have violated his federal rights in several ways. The court granted Pearson leave to proceed in forma pauperis and he has paid the initial partial filing fee as directed.

    Because Pearson is incarcerated and proceeds in forma pauperis, I must screen his complaint under 28 U.S.C. § 1915(e)(2)(B) and 1915A. I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Applying this standard, I will dismiss the complaint for failure to state a claim upon which relief may be granted but give Pearson a chance to file an amended complaint to fix this problem.

## ALLEGATIONS OF FACT

    Pearson alleges the following facts, which I accept as true to screen the complaint.

Pearson cannot receive physical mail at the jail and must use a kiosk machine. The kiosk has a phone, e-messaging, and a law library. Before his father's funeral, Pearson's family sent him videos and pictures of his father through the kiosk. A day later, defendants did not let Pearson have these materials or communicate with his family because kiosk use was a privilege and Pearson's privileges were restrained. Defendant Hoesly told Pearson that he had to follow the jail's program to get his kiosk privileges back.

Pearson does not have anyone to help him research cases or draft motions.

Pearson has been placed in a restraint chair, which causes pain and bruising. The chair has been rolled into a cell with a sewer drain for a toilet and no water access or sunlight. Pearson sat in the chair for hours with no toilet access and was forced to soil himself. At the time he filed the complaint, Pearson was forced to stay in a cell 24 hours a day, which has caused him mental problems. Also, Pearson has been threatened with tasers.

Pearson names Captain Jim Verse and Hoesly as defendants. Pearson seeks damages. His request for injunctive relief related to the restraint chair is unclear. Pearson currently faces a variety of criminal charges in the La Crosse County Circuit Court. *See Pearson v. La Crosse Cty. Police Dep't*, No. 21-CV-381-JDP, 2022 WL 3226207, at *1 (W.D. Wis. Aug. 10, 2022).

ANALYSIS

**A. First Amendment**

Generally, prisoners have a First Amendment right to communicate with people outside the prison and receive information through the mail. *See Jackson v. Pollard*, 208 F. App'x 457, 460 (7th Cir. 2006); *Boriboune v. Litscher*, 91 F. App'x 498, 499 (7th Cir. 2003). A prison's restriction of this right is permissible if it "is reasonably related to legitimate penological

interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Under *Turner*, I must consider "whether the regulation has a valid, rational connection to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are ready alternatives to the regulation." *Sebolt v. Samuels*, 749 F. App'x 458, 460 (7th Cir. 2018). The first *Turner* factor is the most important. *Id.*

Here, Pearson has not adequately alleged a First Amendment violation. Although Pearson cannot receive physical mail, he admits that the kiosk has a phone and e-messaging. Pearson's allegations do not suggest that having to use the kiosk has prevented him from communicating with or receiving information from the outside world. Rather, he alleges that he could not receive videos and pictures of his father and communicate with his family because his kiosk privileges were restrained. But Pearson does not provide any further allegations about this restriction, such as why it was imposed or how long it lasted. Nor do Pearson's allegations suggest that the jail lacked a rational basis for requiring prisoners to use a kiosk to communicate with the outside world. In short, Pearson has not pleaded enough "factual content" to state a viable First Amendment claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I will not allow this claim to proceed.

**B. Right of access to the courts**

Pearson alleges that he does not have anyone to help him research cases or draft motions.

Prisoners have a right to access the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). To prove a violation of this right, Pearson must show that defendants hindered his efforts to pursue a nonfrivolous legal claim and that he suffered some actual concrete injury, "such as the

3

inability to meet a filing deadline or to present a claim." *See id.* at 348; *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). The impeded claim "must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012).

Here, although Pearson alleges that the jail's legal assistance problem is inadequate, he has not described how this alleged inadequacy is stopping him from pursuing any specific legal claim. Nor has he asserted that this alleged inadequacy has actually injured him. Pearson has not alleged a viable right-to-access claim. I will not allow this claim to proceed.

**C. Conditions of confinement**

Pearson alleges that he has been placed in a restraint chair and rolled into a cell where he lacks access to a toilet, water, and sunlight. He also alleges that he was in the cell 24 hours a day, which has caused him mental problems. He adds that he has been threatened with tasers. Although these allegations are serious, Pearson has not identified the individuals responsible for these alleged deprivations. Because individual liability under § 1983 requires plaintiffs to identify the persons involved in the alleged constitutional deprivation, I will not allow this claim to proceed. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). In his amended complaint, Pearson should identify the individuals responsible for these alleged deprivations and name them as defendants in the amended complaint's caption.

In sum, Pearson has failed to state a claim upon which relief may be granted. I will give him a short time to file an amended complaint that fixes this problem. If Pearson fails to timely file an amended complaint, or otherwise fails to comply with this order, I will dismiss the case for failure to state a claim upon which relief may be granted, and the court will record a strike against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff David A. Pearson, Jr.'s complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until October 27 to submit an amended complaint that corrects the above deficiencies.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed against only the defendants specifically named and claims presented in the amended complaint.

5. If plaintiff does not file an amended complaint by October 27, 2022, or otherwise fails to comply with this order, I will dismiss the case for any appropriate reason.

6. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

8. The clerk of court is directed to send plaintiff copies of the court's prisoner complaint form and this order.

Entered October 6, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge