IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID ANTHONY PEARSON, JR.,

        Plaintiff,

v.                                                                                              ORDER

CAPTAIN JIM VERSE, SERGEANT GREGG HOESLY,           22-cv-343-jdp
and SERGEANT DENISE BORCHERT,

        Defendants.

---

DAVID ANTHONY PEARSON, JR.,

        Plaintiff,                                                          ORDER

v.
                                                                      22-cv-409-jdp
CAPTAIN JIM VERSE,

        Defendant.

---

Pro se plaintiff David Anthony Pearson, Jr. has filed identical motions for legal assistance, contending that he needs legal representation because he lacks a high education and is indigent. *See* 22-cv-343-jdp, Dkt. 34; 22-cv-409, Dkt. 40. Litigants in civil cases do not have a constitutional right to counsel and the court does not have the authority to appoint counsel to pro se plaintiffs in civil matters. Rather, the court can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). So, the court construes Pearson's motions as motions for assistance in recruiting counsel, which the court declines to do at this time.

As a starting point, this court would find a volunteer attorney for every pro se litigant if enough lawyers were available to do this, but they're not. This court receives over 200 new pro se lawsuits every calendar year, but only 15 to 20 attorneys are willing to take such cases,

and they don't even take one case every year. So, the court is forced to marshal this scarce resource.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) he made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt*, 503 F.3d at 655.

Pearson has met the first requirement because he is proceeding in forma pauperis. As for the second requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Pearson hasn't submitted any such letters or described any efforts that he has taken to obtain counsel to represent him, so he hasn't met the second requirement. More importantly, even if Pearson already had tried to obtain counsel on his own, it is too early to tell whether either of his cases will present issues that are too complex for him to handle, despite his lack of education and indigency.

Therefore, the court denies Pearson's motions without prejudice. If Pearson requests assistance in recruiting counsel later, he must show that he has, in fact, shopped his cases in the private market with no success. More importantly, Pearson also must identify the litigation tasks that he thinks are too difficult for him to complete and explain why he cannot complete them. The motion should be tailored to the litigation tasks and circumstances that he faces in each particular case; it should not be a general motion that he files in more than one case. Pearson's failure to do this may result in summary denial of such a motion.

ORDER

IT IS ORDERED that:

1. Pearson's motions for legal assistance, Dkt. 34 in 22-cv-343-jdp, and Dkt. 40 in 22-cv-409, are DENIED without prejudice.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered June 6, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge