IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID ANTHONY PEARSON, JR.,

    Plaintiff,

v.                                                                                    OPINION and ORDER

CAPTAIN JIM VERSE, SERGEANT GREGG HOESLY,                 22-cv-343-jdp
and SERGEANT DENISE BORCHERT,

    Defendants.

---

Defendants have moved for summary judgment, contending that pro se plaintiff David Anthony Pearson, Jr. failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 27. Pearson has not responded to defendants' motion. I will grant the motion in part and dismiss Pearson's First Amendment claim and limit the basis of his Fourteenth Amendment claim. The case will continue on one of the allegations supporting Pearson's Fourteenth Amendment claim. Because Pearson brings his Fourteenth Amendment claim against only defendant Sergeant Denise Borchert, I will remove defendants Captain Jim Verse and Sergeant Gregg Hoesly from the case.

BACKGROUND

I allowed Pearson to proceed on a First Amendment claim that his former jail's kiosk policy completely stopped him from communicating with his family based on these allegations:

> Pearson alleges that he cannot communicate with his family because he cannot receive physical mail at the jail and his family cannot use the kiosk, partly due to poverty. Pearson adds that Verse and Hoesly are responsible for the jail's kiosk policy and know about his inability to communicate with his family.

Dkt. 11 at 3.

I allowed Pearson to proceed on a Fourteenth Amendment challenging these conditions of confinement:

> Pearson alleges that he was kept in a restraint chair for 12 hours and that Borchert repeatedly threatened to taser him if he resisted even though he was not resisting. Also, Pearson alleges that he soiled himself while in the chair and did not receive water for 24 hours, and his allegations suggest that Borchert was responsible for these conditions.

*Id.* at 4.

## PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the [prison] to the problem and invite corrective action." *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). To satisfy this requirement, the allegations in the prisoner's grievance must relate to the claim that the prisoner is pursuing in federal court. *See King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023); *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley*, 729 F.3d at 649.

The exhaustion requirement means that prisoners must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Conyers*, 416 F.3d at 584 ("Exhaustion requires complying with the rules applicable to the grievance process at the inmate's institution."). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). The prisoner must complete each step of the grievance

procedure to exhaust it. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). Courts must dismiss an unexhausted claim without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

La Crosse County Jail Policy 609 establishes a process by which prisoners "may file grievances and receive a formal review regarding the conditions of their confinement." Dkt. 29-1 at 1. If staff cannot informally resolve a grievance, the prisoner must file a grievance "within 7 days of the complaint or issue." *Id.* Prisoners "may appeal the finding of a grievance to the Jail Captain within seven days of receiving the findings of the original grievance." *Id.* at 2.

Prisoners are only required to exhaust administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Pearson filed two grievances that relate to his First Amendment claim: numbers 45772 and 22-109. Dkt. 29-5; Dkt. 29-9. Verse declares, and Pearson has not disputed, that Pearson failed to appeal the denial of the '109 grievance. Dkt. 29 ¶ 18. I will deem this fact to be undisputed for summary judgment purposes.

Pearson appealed the denial of the '772 grievance, but only after more than seven days after he received it. *See* Dkt. 29-5. Verse closed his appeal without explicitly rejecting it as untimely, "but there is no question that it was." *See Taylor v. Anderson*, No. 19-cv-300-jdp, 2020 WL 5303844, at *2 (W.D. Wis. Sept. 4, 2020); *see also* Dkt. 29 ¶ 19 (Verse's declaration that this grievance was untimely). Verse invited Pearson to give him Pearson's mother's name and explain why she could not use the e-messaging system, stating that he had made exceptions to the kiosk policy for relatives who could not use it. *See* Dkt. 29-5. Defendants contend that

3

Verse's response was not a rejection of the grievance on the merits because he was simply advising Pearson that he could seek an exception to the kiosk policy. *See* Dkt. 28 at 7; *see also Taylor*, 2023 WL 2866959, at *2 ("An untimely grievance dooms the claim unless the institution treats the filing as timely and resolves it on the merits . . . ." (citation omitted)). I agree with defendants; the evidence shows that Verse's response "was simply a courtesy, not a rejection of the ['772] grievance on the merits." *See Pearson v. Verse*, No. 22-cv-409-jdp, 2023 WL 2866959, at *2 (W.D. Wis. Apr. 10, 2023).

Defendants have shown that the jail's grievance process was available to Pearson; he filed several grievances and appeals while held there. Dkt. 29 at 2. Because Pearson failed to exhaust available administrative remedies for his First Amendment claim, I will dismiss this claim without prejudice.

Pearson filed two grievances that potentially relate to his Fourteenth Amendment claim. Dkt. 29-10 (number 22-72); Dkt. 29-12 (no assigned number). In the unnumbered grievance, Pearson stated that: (1) nondefendant Thompson once told him he was going in the restraint chair; (2) staff were using the restraint chair maliciously and sadistically to harm prisoners because its straps cut their skin; and (3) Pearson once had to remove his clothes before going in the restraint chair. Dkt. 29-12. I agree with defendants that these allegations lack a meaningful relationship to the allegations underlying his Fourteenth Amendment claim, which Pearson bases on allegations that he was: (1) kept in the restraint chair for 12 hours, during which time Borchert repeatedly threatened to taser him even though he was not resisting; and (2) Pearson soiled himself while in the chair and did not receive water for 24 hours. No reasonable jurist could conclude that the unnumbered grievance gave jail officials notice of Pearson's Fourteenth Amendment claim.

In the '72 grievance, Pearson states that: (1) Borchert put him in a restraint chair and tried to suffocate him by putting a spit mask over this head even though he was not spitting; (2) the restraint chair's straps cut him; and (3) he urinated on himself while in the restraint chair and couldn't shower for two days. Dkt. 29-10. Only the allegation that Pearson urinated on himself relates to his Fourteenth Amendment claim, which he partly bases on the allegation that he soiled himself while in the restraint chair. Defendants contend that the '72 grievance is completely unrelated to the allegations underlying Pearson's Fourteenth Amendment claim, but they ignore the similarity of the allegations about losing control of his bodily functions.

I will deny defendants' motion for summary judgment on Pearson's Fourteenth Amendment claim based on the allegation that he soiled himself while in the restraint chair. But I will otherwise dismiss the Fourteenth Amendment claim without prejudice because the other allegations supporting it are unexhausted.

Defendants contend that Pearson's claims should be dismissed as a matter of law because he failed respond to their motion for summary judgment. Dkt. 36 at 2–3. It's unclear whether defendants are arguing that Pearson has conceded that their arguments have merit or that Pearson has abandoned his claims. If the former, defendants have not explained how I could accept a concession that the Fourteenth Amendment claim is completely unexhausted when their evidence shows that Pearson exhausted one of its factual bases. If the latter, defendants have not explained how I could conclude that Pearson has abandoned his claims when he filed his own motion for summary judgment after defendants filed their reply brief. Defendants' cited cases are distinguishable because, among other reasons, those cases don't involve motions for summary judgment on exhaustion grounds. And I will not dismiss Pearson's

5

claims simply because he failed to respond directly to defendants' motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment, Dkt. 27, is GRANTED in part. Pearson's First Amendment claim claim is DISMISSED without prejudice for failure to exhaust administrative remedies, and his Fourteenth Amendment claim is DISMISSED in part without prejudice for failure to exhaust administrative remedies.

2. Verse and Hoesly are to be removed as defendants.

3. The clerk of court is directed to send plaintiff a copy of this order.

Entered September 15, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge